## The Case of Waldo T. Pierce.

Two Justices of the Peace and of the quorum have no power to *imprison* a person for refusing to give his deposition *in perpetuam*.

Pierce was brought into Court on a *writ of habeas corpus*. It appeared that *Pierce* had been summoned to appear before two Justices of the Peace and of the quorum for this county, to give his *deposition in perpetuam*, at the request of one *Fiske*, who had an interest in the subject matter of his testimony, which was a question proper for judicial investigation in a civil process, but in relation to which no suit was pending. *Pierce* refused to appear at the time and place appointed, and a capias was issued, and he was brought before the Justices. He there wholly refused to make answers to the questions put to him, or to testify in relation to the case. Thereupon a mittimus was made out, ordering him to be committed for that cause ; and on his being carried into the prison,

the writ of *habeas corpus* was immediately sued out, as had been previously arranged.

*J. Appleton* and *Hill*, for *Pierce*, cited the statutes of 1821, *c.* 85, prescribing the mode of taking depositions, of 1833, *c.* 85, in addition thereto, and of 1834, *c.* 126, $ 2, and contended, that the legislature had not conferred, and had not intended to confer, on two Justices of the Peace the power to force a man, by imprisonment, to give a deposition *in perpetuam*, where no suit was pending; a power so subject to be abused, and converted into the means of inquiring into the private affairs of individuals; and that the law, in this case, had left the remedy to a civil suit, as before the statute of 1833. But if the question is left in doubt, he should be discharged. Nothing is to be presumed in favor of the jurisdiction and power of inferior magistrates. *Bridge* v. *Ford*, 4 *Mass. R.* 641; *Dodge* v. *Kellock*, 13 *Maine R.* 136; *Commonwealth* v. *Leach*, 1 *Mass. R.* 59.

*Mellen* and *T. M'Gaw*, for *Fiske*, argued, that the spirit and intention of the statute of 1833, *c.* 85, and the fair construction of it, authorized and required the magistrates to commit *Pierce* for his contumacy in refusing to submit to the requirements of the law.

By THE COURT. — The question is by no means free of doubt and difficulty. The language of the statute of 1833, *c.* 85, seems to have reference to the acts of only one Justice of the Peace and of the quorum; " that whenever *any Justice* of the Peace and of the quorum, in any county, shall have issued his citation to any person, notifying such person to appear *before him*;" " whenever any such deponent shall be brought before *said Justice* upon any capias," " the *said Justice* is hereby vested with the same power," &c. No *single Justice* of the Peace and of the quorum is authorized by law to take a *deposition in perpetuam*, and any Justice of the Peace, *not of the quorum*, has authority to take a deposition where a *civil action is pending*. Some words in the statute appear comprehensive enough to include a case of this description;— " to give his deposition *in any affair in which depositions are by law authorized to be taken*;" and yet there are others seeming to limit the power to depositions taken where actions are pending; " such questions as may be propounded to him *by either party*."

Where the liberty of the citizen is involved, the statute should be construed strictly, and should not be made to embrace any doubtful case, as this must be considered. The Court are of opinion, that the imprisonment is not authorized by law, and that *Pierce* should be discharged therefrom.